NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-338

ABRAHAM FIELDS

VERSUS

NATIONAL AUTOMOTIVE
INSURANCE COMPANY, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 223,825
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**AFFIRMED.**

Howard N. Nugent, Jr.
Attorney at Law
P. O. Box 1309
Alexandria, LA 71301-1309
(318) 445-3696
Counsel for Plaintiff/Appellant:
    Abraham Fields

Paul D. Oberle, Jr.
Richie, Richie & Oberle, L.L.P.
P. O. Box 44065
Shreveport, LA 71134
(318) 222-8305
Counsel for Defendant/Appellee:
    Imperial Fire & Casualty Insurance Company

**DECUIR, Judge.**

Abraham Fields appeals a judgment of the trial court dismissing his action to recover for personal injuries sustained as a guest passenger when Sue Ann Laneheart's vehicle was struck by a drunk driver. For the reasons that follow, we affirm.

## FACTS

On June 18, 2005, Abraham Fields was a guest passenger in a vehicle operated by Sue Ann Laneheart. A vehicle driven by Steven St. John ran a stop sign and collided with Laneheart's vehicle in the intersection. The record reflects that St. John was intoxicated at the time of the accident. Fields seeks damages from Laneheart and her insurer, Imperial Fire & Casualty Insurance Company, alleging she failed to take proper care entering the intersection and is therefore partially responsible for his injuries. The trial court found that Fields failed to carry his burden of proof and that the accident was solely caused by St. John..

## DISCUSSION

A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." *Rosell v. ESCO,* 549 So.2d 840 (La.1989). When there is a conflict in the testimony, "reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are as reasonable." *Id.* at 844, *citing Arceneaux v. Domingue,* 365 So.2d 1330 (La.1978). The court of appeal may not reverse even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. *Watson v. State Farm Fire & Cas. Ins. Co.*, 469 So.2d 967 (La.1985). Furthermore, causation is a

fact-specific inquiry.  Great deference is accorded to the trier of fact on the question of factual causation.  *Paine v. Avoyelles Council on Aging*, 03-1204 (La.App. 3 Cir. 3/3/04), 869 So.2d 291, *writ denied*, 04-1200 (La. 9/3/04), 882 So.2d 609.

After reviewing the record, we find no manifest error in the court's findings regarding causation or the nature of the collision.  The assignments of error raised by Fields have no merit.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed.  All costs of these proceedings are taxed to appellant, Abraham Fields.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.